IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-69-BO
NO. 5:16-CV-866-BO

| | | |
|---|---|---|
| ALLEN KENNETH FERRANTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 67] and the government's motion to dismiss [DE 71]. For the reasons discussed below, respondent's motion is GRANTED and petitioner's § 2255 motion is DISMISSED.

## BACKGROUND

On July 29, 2016, petitioner pleaded guilty, pursuant to a written plea agreement, to receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252()b(1). He was sentenced to a term of 108 months' imprisonment, and that judgment was upheld on appeal. On October 24, 2015, petitioner filed a motion under § 2255, alleging that he received ineffective assistance of counsel. Petitioner claims his attorney failed to investigate his computer settings and withdrew a valid objection at sentencing.

## DISCUSSION

"To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby

'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 70 F.3d 354, 359 (4th Cir. 2013) (quotation omitted).

Petitioner's ineffective assistance of counsel claim fails because he has not satisfied the two-pronged requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner's two criticisms of his attorney stem from the criminal consequences of the peer-to-peer file sharing program petitioner had installed on his computer. The sentencing guidelines regarding the possession of child pornography establish varying enhancements and reductions based on a variety of factors, including whether the defendant actually distributed the material. Peer-to-peer programs are distributions, because others are given access to the materials on an individual's computer. Petitioner claims that as the "share settings" on his computer were turned off, he merited a two-level reduction in his offense level pursuant to U.S.S.G. § 2G2.2.(b)(1)(B). He argues that his counsel, by not conducting a forensic investigation into his

2

computer settings, and by withdrawing the object pursuant to § 2G2.2(b)(1), was ineffective, because he merited a reduction in his base offense level and therefore a lower sentence.

Petitioner has not met the *Strickland* standard and so his motion is dismissed. How to present an argument is a strategic choice. *See United States v. Ragin*, 820 F.3d 609, 620 (4th Cir. 2016) ("[T]he question of prejudice under *Strickland* ordinarily involes consideration of the range of strategies and tactics available to a lawyer."). Petitioner's counsel's strategy at sentencing was effective: petitioner received a downwardly variant sentence, as his guideline range was from 121-151 months, and he was sentenced to 108 months. He cannot show that there is a reasonable probability he would have had a better outcome had his attorney made a different strategic decision. Therefore his claim must be dismissed.

## CERTIFICATE OF APPEALABLITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). After reviewing the claims in light of the applicable standard, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 71] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 67] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED.

This the __17__ day of July, 2018.

*Terrence Boyle*

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE